UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeanie G.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:24-cv-3711

Judge Michael H. Watson

Magistrate Judge Gentry

## OPINION AND ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court overrule Plaintiff's Statement of Specific Errors and adopt the Commissioner of Social Security's ("Commissioner") non-disability finding. R&R, ECF No. 14. Plaintiff objects. Obj., ECF No. 15. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

### I.    PROCEDURAL HISTORY

Plaintiff protectively filed an application for Supplemental Security Income benefits in 2017, alleging a disability onset date in 2013. Tr. 346–51, ECF No. 7-5 at PAGEID ## 374–79. The application was denied initially and on reconsideration. Tr. 245–76, ECF No. 7-3 at PAGEID ## 271–302. Plaintiff requested and obtained a hearing before an Administrative Law Judge ("ALJ"), who denied benefits. Tr. 16–30, ECF No. 7-2 at PAGEID ## 41–55. The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision. Tr. 1–7, ECF No. 7-2 at PAGEID ## 25–32. Plaintiff then sued in

this Court, Compl., ECF No. 4 (Case No. 2:20-cv-2534), and the parties jointly moved to remand that case to the Social Security Administration, Mot., ECF No. 21 (Case No. 2:20-cv-2534).

After a second administrative hearing before the ALJ, the ALJ again denied benefits. Tr. 748–70, ECF No. 7-8 at PAGEID ## 779–801. The dispute came back to this Court. Compl., ECF No. 4 (Case No. 2:21-cv-5445). This Court reversed the Commissioner's non-disability finding and again remanded the case to the Social Security Administration. Op. and Order, ECF No. 11 (Case No. 2:21-cv-5445).

The third time around, a different ALJ proceeded over the hearing, but she, too, denied benefits. Tr. 1269–96, ECF No. 7-14 at PAGEID ## 1306–33. Plaintiff then initiated this case. Compl., ECF No. 6.

## II.  FACTS

Plaintiff's objection focuses on her mental health limitations. At issue is the medical opinion of Nurse Practitioner Jason Seckman ("NP Seckman"), Plaintiff's psychiatric nurse practitioner. NP Seckman treated Plaintiff for moderate bipolar disorder and opined that Plaintiff would be moderately limited in, among other things, her (1) "ability to accept instruction from or respond appropriately to criticism from supervisors or superiors," and (2) "ability to work in coordination with or in proximity to others without distracting them or exhibiting behavioral extremes." Tr. 744, ECF No. 7-7 at PAGEID # 774.

In the at-issue ALJ decision, the ALJ established a Residual Functional Capacity ("RFC") that permitted, *inter alia*, only occasional interaction with coworkers and supervisors, further limited that occasional interaction to no more than 2–3 minutes at one time of "job-task based and job-related communication[s]," and prohibited tandem routine job tasks with coworkers and instead required work "independent in and around proximity of others." Tr. 1276, ECF No. 7-14 at PAGEID # 1313. In her decision, the ALJ acknowledged NP Seckman's opinions and assigned them "great weight." Tr. 1285–86, ECF No. 7-14 at PAGEID ## 1322–23. The ALJ concluded that the above mental limitations adequately "account[ed] for and accommodate[d]" NP Seckman's opinions. Tr. 1286, ECF No. 7-14 at PAGEID # 1323. As expounded upon below, Plaintiff disagrees.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

### IV. ANALYSIS

Plaintiff argues that the ALJ afforded "great weight" to NP Seckman's above opinions but failed to incorporate them into the RFC. Obj. 2, ECF No. 15.

#### A. Accept Instructions or Respond Appropriately to Supervisors

Plaintiff argues that the RFC's limitation to occasional interaction with coworkers and supervisors does not adequately account for NP Seckman's

opinion that Plaintiff is moderately impaired in her ability to accept instruction from or respond appropriately to criticism from supervisors or superiors.  To be clear, Plaintiff accepts that the R&R cites cases for the proposition that a limitation to "occasional interactions" with supervisors *qualitatively* accounts for limitations in accepting instructions and responding to criticism.  Plaintiff argues only that it is unclear if the caselaw applies here because the *temporal definition* of "moderate" in those cases might not match NP Seckman's temporal definition of "moderate."  Obj. 3, ECF No. 15 ("Here, the term 'moderate' means something very specific.  It is unclear if the term 'moderate' meant the same in those cases. . . . Here, the question is whether the ALJ's residual functional capacity accounted for a limitation where the claimant would be unable to accept instructions or respond appropriately to criticism from supervisors from 11% to 25% of the workday.").

It is irrelevant whether the ALJ's (or medical source's) use of the term "moderate" here matches the ALJ's (or medical source's) use of the term "moderate" in other cases, though.  What matters is that here, the ALJ matched NP Seckman's definition of "moderate."  NP Seckman opined that Plaintiff would be limited, for 11% to 25% of the workday, in her ability to accept instructions from or respond appropriately to criticism from supervisors and superiors.  Tr. 744, ECF No. 7-7 at PAGEID # 774.  In other words, NP Seckman believed that Plaintiff could accept instructions from and respond appropriately to criticism from supervisors and superiors for—at least—75% of the workday (and perhaps up to

89% of the workday). The RFC limited Plaintiff to "occasional" interaction with coworkers and supervisors and specifically defined "occasional" as "1/3 of the workday[.]" Tr. 1276, ECF No. 7-14 at PAGEID # 1314. By limiting Plaintiff's interactions to *no more than* 33% of the workday, the RFC clearly accounted for NP Seckman's 11% to 25% limitation.

**B.     Work in Coordination with or Proximity to Others Without Distracting Them or Exhibiting Behavioral Extremes**

Plaintiff next argues that the RFC's preclusion of working with the general public as part of routine job duties and limitation to occasional interaction with coworkers and supervisors does not account for NP Seckman's opinion that Plaintiff is moderately (11% to 25% of the workday) restricted in her ability to work in coordination with or proximity to others without distracting them or exhibiting behavioral extremes. Obj. 4–5, ECF No. 15. Specifically, she contends that the RFC focused on her *interaction with* others, which is qualitatively different than *coordinating with* others or *working in proximity* to others without distracting them or exhibiting behavioral extremes. *Id.* at 5.

The Court disagrees. In addition to limiting Plaintiff's interaction with others (no more than 33% of the workday), the RFC also addressed coordination and proximity. First, the RFC limited Plaintiff to "no tandem routine job tasks with coworkers," required "more independent" work, and further limited the substance of her occasional interactions by allowing "job-task based and job-related communication" for no more than "2–3 minutes at one time." Tr. 1276, ECF No.

7-14 at PAGEID # 1313.  In other words, Plaintiff is not allowed to perform tasks in tandem with her coworkers and supervisors but must instead work more independent of others, and she is allowed to interact with coworkers and supervisors for up to 33% of her day, but, in doing so, she can only engage in job-based tasks or job-related communications for 2–3 minutes at a time. Together, these restrictions address Plaintiff's moderate limits on coordinating with others.  Second, the requirement that she work "more independent in and around proximity of others" addresses her moderate limitation in working in proximity to others.

In short, even if the limitation to "occasional interaction" with coworkers and supervisors does not, on its own, address NP Seckman's opined limitations regarding working in coordination with or proximity to others, the RFC's additional restrictions do.

### V.     CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's Statement of Specific Errors, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for Defendant and close this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**